Dear Mr. Regan:
In your capacity as City Attorney for the City of Crowley, you have requested an opinion of this office regarding payments in lieu of taxes which you have advised are `owed' by the Housing Authority of the City of Crowley to the City of Crowley.
According to your correspondence, the City of Crowley and the Housing Authority entered into a series of cooperative agreements for the purpose of applying for loans (under the U.S. Housing Act) to build and provide low rent housing in Crowley. Pursuant to these agreements, the Housing Authority agreed to make payments in lieu of taxes in exchange for the City's agreement to maintain and repair the interior streets, roadways, alleyways, sidewalks, storm drains, sanitary sewers and public utilities which are contained within the Housing Authority's housing developments. The City is further obligated to provide police and fire protection to the Housing Authority and its developments. For some time, the Housing Authority has been unable to make the payments in lieu of taxes to the City of Crowley for a total now outstanding of approximately $80,000. The Housing Authority has asked the City to accept a one-time payment of $20,000 in exchange for a release of the `overdue' balance.
Your specific question to us is whether the City can forgive this indebtedness for less than the total amount due without being in violation of law, specifically La. Const. Art. VII, Sec. 14. Under the provisions of Art. VII, Sec. 14, the funds, credit, property and things of value of a political subdivision may not be loaned, pledged or donated.
At the outset we note that the cooperative agreements between the City and the Housing Authority are somewhat anomalous, in that Housing Authorities created in accordance with the Housing Authority Law (R.S. 40:381 et seq.) are exempt from taxation. See Atty. Gen. Op. No. 93-246, enclosed herewith. Furthermore, the City of Crowley has a duty to provide all of its residents with police and fire protection, as well as an obligation to maintain and repair public streets, roadways, etc.
However, as we have discussed, it is likely that the streets, roadways, etc. which are contained within the Housing Authority's developments are the property of the Housing Authority as opposed to public thoroughfares and property. If such is the case, it is the opinion of this office that the City cannot forgive all or part of the Housing Authority's outstanding debt. To do so would clearly violate La. Const. Art. VII, Sec. 14. However, we see no reason why the City cannot work with the Housing Authority to determine a payment plan that would allow the Housing Authority to affordably pay its outstanding debt.
On the other hand, if the streets, roadways, etc., are public property, the City of Crowley should have maintained and repaired the streets, roadways, etc. without charge to the Housing Authority. If such is the case, it may well be that the cooperative agreements between the City and the Housing Authority are unenforceable by the City for lack of consideration. In other words, the Housing Authority should not have had to pay the City for services it was already owed.
We trust the foregoing to be of assistance. Should the City have additional concerns, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
Mr. Thomas K. Regan City Attorney, Town of Crowley P.O. Drawer 688 Crowley, Louisiana 70527-0688
DATE RECEIVED: 9/29/94
DATE RELEASED:
JEANNE-MARIE ZERINGUE BARHAM, ASSISTANT ATTORNEY GENERAL